United States District Court
Southern District of Texas
**ENTERED**
July 09, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROBIR BONDYOPADHYAY | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. H-18-3822 |
| THE U.S. SECRETARY OF DEFENSE | § § § | |
| Defendant. | | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendant the United States Secretary of Defense's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (Document No. 10). Plaintiff, appearing pro se, has responded to the motion (Documents No. 12, 13, 18), and has also filed several "Motions," that are, in fact, additional responses to Defendant's Motion to Dismiss. *See* "Plaintiff's Second Motion for a Court Order" (Document No. 8); "Subject: Injury in Fact Plaintiff's Important Motion for Judicial Attention" (Document No. 9); "Plaintiff's Important Motion for Judicial Attention" (Document No. 11); "Nothing But The Truth Plaintiff's Motion for Enforcement of the Constitutional Order Reaffirmed by the Defendant's Admission on December 17, 2018 (sentences 40 and 41)" (Document No. 14); "Enforcement of The Constitutional Order (Reaffirmed by the Honorable U.S. Attorney's Admission on 12/17/2018 (sentences 40 and 41) Plaintiff's Motion for Immediate Attention" (Document No. 15); "Plaintiff's Motion for Oral Hearing" (Document No. 16); "Plaintiff's Motion for Immediate Declaratory Relief (Under Title 28 USC Section 1338(a)" (Document No. 20); "Plaintiff's Motion for Immediate Removal of Ms. Ariel Nicole Wiley (AUSA) From This Case" (Document No. 24); "Plaintiff's Motion for Immediate

Judicial Attention" (Document No. 25); "Establishment of Constitutional Order" (Document No. 26); and "Plaintiff's Further Response (Nothing But The Truth)" (Document No. 28). Defendant has responded to Plaintiff's filings. (Document No. 27). In addition, Plaintiff has moved for alternative dispute resolution. (Document No. 7). Having considered the Motions, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss be GRANTED, that Plaintiff's Motions be DENIED, and that Plaintiff's Complaint be dismissed with prejudice.

I. Background and Allegations

The instant action relates to Probir Kumar Bondyopadhyay's ("Bondyopadhyay" or "Plaintiff") invention called the Geodesic Sphere Phased Array Antenna System ("GSPAAS"), for which he owns Patent No. 6,292,134 ("the "Patent"). On October 16, 2018, Plaintiff, proceeding pro se, filed his complaint, alleging that "Defendant has violated the Constitutional EXCLUSIVE RIGHT of the Plaintiff Inventor Owner for LIMITED TIMES: September 18, 2001 through October 11, 2012, a period of eleven years and twenty three days." (Document Nos. 1, p. 7, ¶ 6.3)(capital letters in original). Plaintiff alleges that he is "**SIMULTANEOUSLY the Inventor and continuous sole owner**"of the Patent; that "this patent **is live** and its limited times for exclusive right cover the continuous time period September 18, 2001 through September 18, 2021;" and that the Patent is "**Plaintiff's magnum opus. This patent is for U.S. National Defense and is dedicated to modernization of the U.S. Air Force Satellite Control Network (AFSCN).**" (Document No. 1, p. 3)(capital letters, bolding, and underlining in original). Plaintiff alleges that "[t]his case originated from a violation of Title 15 U.S.C Section 638a and 638b at the Small Business Innovation Research (SBIR) program (procurement fraud) of the U.S. Air Force Research Laboratory (AFRL) in the fiscal

2

years FY99 through FY02 and beyond through FY12 onwards." (Document No. 1, p. 4, 5). Plaintiff further alleges that the U.S. Defense Department's highest civilian honor was falsely bestowed on U.S. Air Force civil- servant engineer, Dr. Boris Tomasic, "the false and bogus inventor, and in so doing, Defendants made a '**FALSE**' statement in a press release: Tomasic invented and led the development of a revolutionary new antenna" and that this "false" statement was ultimately included in the Court's October 23, 2013, Order filed in one of Plaintiff's previous lawsuits involving the same Patent. (Document No. 1, p. 5 & 7 & Appendix B Defining Document-2, p. 14)(emphasis in original). Plaintiff seeks judicial affirmation of the fact that he is the inventor and owner of the Patent, and that "the truth will set him free." (Document No. 1, p. 8). Defendant seeks dismissal of all of Plaintiff's claims because Plaintiff lacks standing to sue Defendant, and also fails to allege sufficient facts to state a plausible cause of action.

II. Applicable law

Fed.R.Civ.P. 12(b)(1) allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. "'A case is property dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case.'" *Taylor v. Texas Southern Univ.*, Civ. A. No. 12-Cv-01975, 2013 WL 3157529, at *2) (S.D. Tex. June 20, 2013)(quoting *Home Builder's Assoc. of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 2014). "The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Inc. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). The party asserting federal jurisdiction bears the burden of proving jurisdiction. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011). In considering

a motion to dismiss for lack of jurisdiction, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Dept' of Navy*, 392 F.3d 147 F.3d 147, 149 (5th Cir. 2004). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A dismissal under Rule 12(b)(1) is without prejudice because "it is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, 218 F.3d at 161.

Fed.R.Civ.P. 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 8(a) requires that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Because Defendant has filed a Rule 12(b)(6) motion, the undersigned Magistrate Judge construes the complaint in favor of the Plaintiff and has accepted as true all well-pleaded facts. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at

555. In addition, plausibility will not be found where the complaint "pleads facts that are merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). The Supreme Court has further held that plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 556 U.S. at 678-680. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 678. Therefore, a Plaintiff must plead specific facts, not merely conclusory allegations to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That said, if the court determines that a plaintiff has pleaded his best case, a court does not err is dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999)(citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

Defendant argues that Plaintiff lacks standing to sue for patent-related claims; and that the claims for "judicial affirmation" are vague and conclusory and should be dismissed for failure to state a plausible claim upon which relief may be granted. The Magistrate Judge agrees.

To establish constitutional standing, "'[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Hein v. Freedom from Religion Found.*, 551 U.S. 587, 598 (2007)(quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). The standing requirements for patent suits are outlined in 35 U.S.C. § 281. A

plaintiff has constitutional standing to bring a patent action if it shows: (1) injury to the plaintiff, (2) that the injury is fairly traceable to the alleged misconduct of the defendant, and (3) that a favorable decision is likely to redress the injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Horne v. Flores*, 557 U.S. 433, 445 (2009).

III. Discussion

    A. Plaintiff has failed to allege an injury in fact regarding his patent claim

This is Plaintiff's fifth action filed in the Southern District of Texas relating to the Patent. Plaintiff claims to be injured by the Court's October 23, 2013, Order that purportedly misidentifies Dr. Boris Tomasic as the inventor of GSPAAS. Defendant argues, and the Magistrate Judge agrees, that Plaintiff lacks an injury-in-fact because he has not shown that his patent-ownership rights have been violated by this statement such as to cause him a concrete or future injury. The correspondence identifying Dr. Boris Tomasic as the inventor of GSPAAS does not involve acts of infringement because it does not involve the use, marketing, selling, or unauthorized production of GSPAAS. Defendant further concedes, in pertinent part, that Plaintiff "is the original inventor" who "has rights to the patent" and there are no allegations that Defendant is "threatening any future infringement of the patent." (Document No. 10, p. 4). In sum, Defendant argues, and the Magistrate Judge agrees, that Plaintiff's patent claim must be dismissed because he has not, and cannot, show injury or standing to bring the instant action.

To the extent that Plaintiff purports to assert jurisdiction and distinguish the instant action from his 2013 action by pointing to the civil filing cover sheet, the assertion of jurisdiction on the cover sheet does not establish jurisdiction. *See, e.g., Gonzalez v. Wal-Mart Stores, Texas, LLC*, No. H-14-2880, 2015 WL 3613648, at *4 (June 9, 2015)(checking a box on a civil cover sheet is not

sufficient to state a claim as it is not a live pleading); *Buggs v. Delta Airlines, Inc.*, No. 3:06-cv-1217-L, 2006 WL 2041362, at *2 (N.D.Tex. July 21, 2006).

B. Plaintiff fails to state a claim for injury to any constitutional rights

Plaintiff's remaining allegations are vague and conclusory and fail to state a claim upon which relief may be granted. Plaintiff's complaint and supplemental filings purport to allege "constitutional claims" or claims of "judicial affirmation" to correct the purported misstatement in the Court's 2013 Order that identifies Dr. Boris Tomasic as the inventor of GSPAAS. But the time to appeal the 2013 Order has long passed and this Order, as well as several Orders written by other Courts mentioned below, states that Plaintiff is in fact the inventor and owner of the GSPAAS Patent.

C. Leave to amend should not be granted

Under Fed.R.Civ.P. 15(a)(2), leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As mentioned above, this is Plaintiff's fifth filing relating to the Patent, and it appears to be an appeal of the dismissal of his Complaint in 2013. The Court has taken judicial notice of Plaintiff's cases filed in the Southern District of Texas, Houston Division and the United States Court of Federal Claims.

In 2003, Plaintiff brought suit against Defendant Custom Manufacturing & Engineering, Inc., alleging that it infringed on the Patent through its work to develop an Antenna Control Computer

for use in conjunction with a GSPAAS. The Court dismissed Plaintiff's case without prejudice for lack of personal jurisdiction. *See Bondyopadhyay v. Custom Manufacturing & Engineering, Inc.*, Civ. No. H-03-1542. Also in 2003, Plaintiff sued the United States Department of Defense, bringing claims under the Freedom of Information Act. The Court dismissed Plaintiff's case because he had not exhausted his administrative remedies. *See Bondyopadhyay v. United States Dep't of Defense*, Civil No. H-03-3107.

A year later, Plaintiff brought suit against the United States Department of Defense and several individual U.S. Air Force officers, alleging "'procurement fraud' involving 'competitive bidding processes' conducted by the United States Air Force." Defendant moved to dismiss the action for lack of subject-matter jurisdiction because the Administrative Dispute Resolution Act ("ADRA"), 28 U.S.C. § 1491, vested government-contract-procurement-protest jurisdiction to the Court of Federal Claims. Based on the ADRA, the Court dismissed the action. *See Bondyopadhyay v. United States Dep't of Defense, et. al.*, Civ. No. H-04-1990.

In 2012, Plaintiff brought suit against the Commander, Air Force Research Laboratory and the U.S. Secretary of the Air Force, alleging claims about bidding problems in 1999 and fraud in a case from 2003. The Court dismissed Plaintiff's actions, writing in pertinent part: "2. Other lawsuits have been brought to which these claims should have been brought once. Even if it were all true, limitations would have expired four years after his injury in 2003. He did not sue until 2012. 3. Bondyopadhyay's claims are precluded as untimely." *Bondyopadbyay v. William N. McCasland, et.al.*, Civ. No. H-12-1658.

In 2013, Plaintiff filed suit against the United States Secretary of Defense Charles Timothy Hagel and the Under Secretary of Commerce for Intellectual Property and Director of the United

States Patent and Trademark office, Teresa Stank Rea, alleging that the Defendants violated Article I, Section 8, Clause 8 of the United States Constitution by making a false claim of ownership against Plaintiff's Patent, when the Office of the Secretary of Defense sent a letter dated October 11, 2012, identifying Dr. Boris Tomasic as the inventor of GSPAAS. Defendants moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction, or alternatively, for failure to state a claim. The Court granted Defendants' Motion and dismissed the case without prejudice. *See Bondyopadhyay v. United States Sec'y of Defense, et. al.*, Civ. No. H-13-1914.

In addition to the five actions filed in the Southern District of Texas, Plaintiff filed a patent-infringement case in the Federal Court of Claims in 2014, alleging that the Air Force infringed on his Patent; and that the Air Force engaged in "procurement fraud" and took his property without compensation in violation of the Fifth Amendment to the United States Constitution. *See Bondyopadhyay v. United States*, No. 14-147C. In an Opinion and Order entered on March 20, 2015, the Court dismissed, as time barred, his patent-infringement claim based on any acts that allegedly occurred prior to January 11, 2008, and dismissed all of his non-patent claims. *See Bondoyopadhyay*, 2015 WL 1311726. Also the Court addressed "numerous ad hominem attacks" against the Government's counsel, including Plaintiff's assertion that counsel fabricated facts and lied to the Court. The Court wrote: "Plaintiff's ad hominem attacks against . . . counsel of record are baseless and frivolous." *Id.* at *7. Thereafter, a claim-construction hearing was held for construction of the term "sphere." On January 18, 2017, the Court issued an opinion construing the "term 'sphere' as present in all claims of the '134 Patent to be greater than a hemisphere so as to provide the phased array antenna hemispherical or wider coverage." 129 Fed. Cl. 793, 807 (2017). Thereafter, the United States moved for summary judgment on Plaintiff's remaining claim that the

United States Air Force infringed Claims 14, 25, and 26 of his Patent by using and manufacturing a portion of a phased antenna array system. The Court, recognizing Plaintiff as the inventor of the Patent, granted the Government's motion. The Court concluded that

> because the main objective of the '134 patent was to provide a phased array antenna with hemispheric or wider coverage and the Ball Advanced Technology Demonstration antenna definitively did not provide hemispheric or wider coverage, the accused device did not perform substantially the same function in substantially the same way to achieve substantially the same result. Although the Ball Advanced Technology Demonstration antenna was commissioned to prove the feasibility of a future antenna which might have, if constructed, been considered infringing, that future antenna was never built.

*Id.* at 123. Plaintiff appealed and the Federal Court of Appeals affirmed, writing in pertinent part: "Dr. Bondyopadhyay does not dispute that the sole accused device was only capable of providing a field of view of 120 degrees–less than the 180 degrees necessary to provide hemispherical coverage–and [] he has provided no argument why the apparatus infringed under the doctrine of equivalents." *Bondyopadhyay v. United States*, 748 Fed. Appx. 301, 308 (2018). Also, the Federal Circuit Court described Plaintiff as the "owner and named inventor of the '134 patent." *Id.* 302. Plaintiff's patent had expired on September 18, 2009, for failure to pay required maintenance fees but was reinstated on April 29, 2015, "when the U.S. Patent and Trademark Office granted Dr. Bondyopadhyay's September 4, 2014 under 37 C.F.R. § 1.378(b)." *Id.* at 302, n.1.

Because Plaintiff has taken numerous opportunities to sue various individuals regarding his Patent, leave to amend should be denied.

IV. Conclusion and Recommendation

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Document No 10) be GRANTED and that all of Plaintiff's Pending "Motions" (Document Nos. 7, 8, 9, 11, 14, 15, 16, 20, 24, 25, 26, 28) be DENIED .

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Serv. Auto Assn,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 9TH day of July, 2019

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE